IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVID T. EASTLAND, #115661,           )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )        CIVIL ACTION NO. 2:04-CV-1224-W
                                      )        WO
MRS. WEB - 2nd SHIFT NURSE,[1]        )
                                      )
        Defendant.                    )

**ORDER ON MOTION AND MEMORANDUM OPINION**

In this 42 U.S.C. § 1983 action, David T. Eastland ("Eastland"), a state inmate,

contends that defendant Web, a nurse at the Bullock Correctional Facility, acted with

deliberate indifference to his medical needs.  Specifically, Eastland complains that he was

provided an oral dose of Haldol on December 9, 2004 even though this medication had

previously been discontinued.  The plaintiff seeks monetary damages from defendant Web.

The defendant filed a special report and supporting evidentiary materials addressing

the plaintiff's claim for relief.  In accordance with the orders entered herein, the court deems

it appropriate to treat this special report as a motion for summary judgment.  Thus, this

case is now pending on the defendant's motion for summary judgment.  Upon

consideration of such motion and the undisputed evidentiary materials filed in support

---

[1]The plaintiff lists the defendant as Mrs. Web.  The correct spelling for the defendant's name is Webb.  Nevertheless, for purposes of this opinion, the court will refer to the defendant as she is identified by the plaintiff.

thereof, the court concludes that defendant Web's motion for summary judgment is due to be granted.

## FACTS

The medical and mental health records submitted by the defendant demonstrate that the plaintiff suffers from chronic paranoid schizophrenia. Eastland "is persistently very psychotic and delusional. For example, he regularly voices his belief that he is a cyclops[] and has a horn growing from his forehead. Haldol, an anti-psychotic drug, was used to treat his mental disorder. It was given to him through both pills and shots." *Defendant's Exhibit A - Affidavit of Martty J. Webb* at 1. On November 30, 2004, upon the plaintiff's request, defendant Web discontinued the pill form of Haldol. However, on December 8, 2004, Dr. Bill Sanders again prescribed oral dosages of Haldol for treatment of the plaintiff's mental condition.

On December 9, 2004, the plaintiff reported to pill call and received Haldol as prescribed by Dr. Sanders. This medication was not dispensed by the defendant. *See Defendant's Exhibit A - Affidavit of Martty J. Webb* at 2; *Defendant's Exhibit E - Affidavit of the Plaintiff* at 1. Eastland asserts that he suffered side effects upon taking the Haldol.

## STANDARD OF REVIEW

To survive the defendant's properly supported motion for summary judgment, the plaintiff is required to produce some evidence supporting his constitutional claim. *See*

2

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Specifically, he must "go beyond the pleadings and ... designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324. A plaintiff's conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex Corp.*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all the materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex Corp.*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987). Although factual inferences must be viewed in a light most favorable to the non-moving party, and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

## DISCUSSION

To prevail in a suit based on an Eighth Amendment claim concerning an alleged denial of adequate medical treatment, an inmate must, at a minimum, show that prison

personnel acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Aldridge v. Montgomery*, 753 F.2d 970, 972 (11th Cir. 1985). A prison medical care provider may be held liable under the Eighth Amendment for acting with "deliberate indifference" to an inmate's health when the provider knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). The mere fact that a prisoner desires a different mode of medical treatment does not amount to deliberate indifference. *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985). Moreover, a difference of medical opinion does not constitute deliberate indifference. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989).

The undisputed evidentiary materials submitted by defendant Web demonstrate that medical personnel prescribed both oral and injection forms of Haldol to treat Eastland's paranoid schizophrenia. Although the plaintiff maintains that he should have been furnished only the shot form of this medication, the mere fact that he desired a different mode of medical treatment does not amount to deliberate indifference. *Hamm v. DeKalb County*, *supra*. The plaintiff fails to present any evidence demonstrating that defendant Web disregarded a substantial risk to his health by denying him adequate medical treatment for his mental condition. In light of the foregoing, it is clear that the

4

plaintiff has failed to establish that defendant Web acted with deliberate indifference.

Summary judgment is therefore due to be and is hereby granted in favor of the defendant.

A separate order will accompany this memorandum opinion.

DONE, this 25th day of April, 2005.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

5